**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

In re:  )
 )  Case No. 24-20226
Clicked AI  )
 )  Chapter 11
 Debtor-in-Possession.  )  Subchapter V
 )

FILED
5:07 pm, 6/27/24
Tim J. Ellis
Clerk of Court

**AGREED INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL AND SETTING FINAL HEARING**

THIS MATTER comes to be heard before the Court upon the motion of Clicked AI ("Debtor"), debtor-in-possession herein for entry of an interim order (i) authorizing use of cash collateral, (ii) providing for adequate protection, (iii) setting a final hearing, and (iv) granting related relief (the "Motion").

NOW THEREFORE, based upon the Court's review of the Motion and no objections having been filed, and having held an interim hearing on the Motion, the Court finds (a) it has jurisdiction over this matter; (b) due notice of the Motion was provided under the circumstances; (c) the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and, (d) there is good cause to grant the Motion on an interim basis. Therefore, it is:

ORDERED that the Motion is GRANTED on an interim basis, pending a final hearing on the Motion set for **August 8, 2024 at 10:00 a.m.** in the United States Bankruptcy Courtroom, 2120 Capitol Avenue, 8th Floor, Cheyenne, Wyoming.

IT IS FURTHER ORDERED that the Debtor shall no later than seven (7) days from the date of entry of this order serve on Debtor's top-twenty unsecured creditors,

priority creditors, secured creditors, the US Trustee, subchapter V trustee, and those appearing and requesting notice, this interim order and a proposed final order authorizing the use of Cash Collateral. Any objections to the proposed final order shall be filed on or before seven (7) days prior to the date of the final hearing.

IT IS FURTHER ORDERED that the Debtor may use Cash Collateral as defined in the Motion in accordance with, and subject to, the terms and provisions of the Motion and Budget (as defined in the Motion) and attached hereto as <u>Exhibit A</u>, effective as of the date of the filing of the Motion.

IT IS FURTHER ORDERED that notwithstanding the entry of this Order, nothing contained herein shall be construed to mean that any lien or security interest of any secured lender is valid, perfected and/or enforceable in all respects. Nothing contained herein shall prevent the Debtor, a creditor, or other party-in-interest from contesting the validity, perfection, and enforceability, or priority of a secured party's liens, or from raising any defenses, offsets, deductions or counterclaims thereto.

IT IS FURTHER ORDERED that to satisfy the rights of Amazon Capital Services, Inc. ("ACS") and any other secured creditors (together with ACS, the "Secured Creditors") to adequate protection of their interest in the Debtor's cash collateral, the Secured Creditors are hereby granted, pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, valid, attached, choate, enforceable, perfected, post-petition security interests and liens in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to

the extent of diminution in value of the Secured Creditors' collateral caused by the Debtor's use of Cash Collateral.

IT IS FURTHER ORDERED that ACS shall release, and cause any of its affiliates such as Amazon.com, Inc. or Amazon.com Services LLC to release the funds in the Debtor's Amazon.com seller account after deduction of the adequate protection payments owed to ACS hereunder, as well as any fees, expenses, and reimbursements, owed under the terms of the Business Solutions Agreement ("BSA") between the Debtor and Amazon.com Services, LLC.

IT IS FURTHER ORDERED that the Secured Creditors shall hold allowed administrative claims under Section 507(b) of the Bankruptcy Code with respect to the adequate protection obligations of the Debtor to the extent that the replacement liens and post-petition collateral do not adequately protect the diminution in value of the interests of Secured Creditors in their prepetition collateral. The administrative claims shall be payable from and have recourse to all prepetition and post-petition property of the Debtor and all proceeds thereof. The liens on post-petition collateral shall be in addition to any prepetition liens held by Secured Creditors, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.

IT IS FURTHER ORDERED that as adequate protection for ACS' interest in Cash Collateral as required by 11 U.S.C. §§ 361 and 363(e), to the extent the Debtor consumes Cash Collateral, collects and consumers proceeds from accounts constituting Cash Collateral, and for any other use or diminution in the value of the Cash Collateral during

the Debtor's bankruptcy case, the Debtor shall pay ACS the sum of $5,000.00 per month, which ACS shall be entitled to deduct from funds in the Debtor's Amazon seller account.

IT IS FURTHER ORDERED that the Debtor will provide the Secured Creditors with an accounting, on a monthly basis, of all revenue, expenditures, bank account information, and collections with description of any variances from the budget by way of filing monthly operating reports with the Court and providing a variance report to Secured Creditors. No line item in the budget shall be more than 10% of the budgeted amount and the Debtor shall not vary the expenditures in the budget by more than 10%.

IT IS FURTHER ORDERED that nothing contained herein shall be a waiver by Secured Creditors from seeking further or additional adequate protection of their collateral, asserting objections to the Debtor's further use of Cash Collateral, filing any motions or objections to the use of cash collateral, or pursing any other rights or remedies available to them under law or equity.

IT IS FURTHER ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

BY THE COURT:

_Cathleen D Parker_ 6/27/2024

Hon. Cathleen D. Parker
United States Bankruptcy Court

| ClickedAI - Budgeting | July 2024 | August 2024 | September 2024 | October 2024 | November 2024 | December 2024 |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Amazon Sales | $225,000.00 | $246,000.00 | $260,000.00 | $265,000.00 | $292,000.00 | $395,000.00 |
| Other Revenue | $12,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Cost of Goods Sold** | | | | | | |
| Amazon Refunds | -$11,250.00 | -$12,300.00 | -$13,000.00 | -$13,250.00 | -$14,600.00 | -$19,750.00 |
| Amazon Expenses: Amazon Fees | -$77,625.00 | -$84,870.00 | -$89,700.00 | -$94,075.00 | -$103,660.00 | -$140,225.00 |
| Amazon Expenses: Others (FBA fees, Promo rebates, Storage | -$17,200.00 | -$18,530.00 | -$19,457.00 | -$31,000.00 | -$36,000.00 | -$42,000.00 |
| Inventory Acquisition / Cost of Goods Sold | -$77,106.62 | -$79,631.00 | -$68,604.00 | -$61,257.00 | -$66,521.00 | -$89,961.00 |
| Logistics | -$12,500.00 | -$7,500.00 | -$24,000.00 | -$18,000.00 | -$14,000.00 | -$14,000.00 |
| **Operating Expenses** | | | | | | |
| Advertising & Marketing | -$22,500.00 | -$24,600.00 | -$26,000.00 | -$26,500.00 | -$33,580.00 | -$61,225.00 |
| Insurance | | -$200.00 | | -$779.00 | | |
| Legal Expense | -$89.00 | -$89.00 | -$89.00 | -$89.00 | -$89.00 | -$89.00 |
| Meal or Entertainment | -$900.00 | -$900.00 | -$900.00 | -$900.00 | -$900.00 | -$900.00 |
| Office Expense | -$500.00 | -$500.00 | -$500.00 | -$500.00 | -$500.00 | -$500.00 |
| Office Rent | -$1,150.00 | -$1,150.00 | -$1,150.00 | -$1,150.00 | -$1,150.00 | -$1,150.00 |
| Other Fees | -$179.38 | -$130.00 | | | | |
| Payroll & Benefits | -$12,500.00 | -$12,500.00 | -$13,000.00 | -$13,500.00 | -$14,500.00 | -$19,000.00 |
| Software or Service | -$1,000.00 | -$600.00 | -$600.00 | -$1,000.00 | -$2,500.00 | -$1,200.00 |
| Cash Collateral | -$2,500.00 | -$2,500.00 | -$3,000.00 | -$3,000.00 | -$4,000.00 | -$5,000.00 |
| **Cash & Cash Equivalent** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Exhibit A**